IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. CCB 03-332 |
| | ) | |
| **PAUL J. MRAZ, SR.** and | ) | |
| **MICHAEL S. MRAZ, NANCY M.** | ) | |
| **MRAZ, CHRISTOPHER** | ) | |
| **K. MRAZ, JOHN RICHARD MRAZ** | ) | |
| AS TRUSTEES OF THE PAUL J. MRAZ | ) | |
| IRREVOCABLE | ) | |
| RETIREMENT TRUST, | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| **AND** | | |
| | | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. CCB 89-2869 |
| | ) | |
| **PAUL J. MRAZ, SR.,** et al. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF LODGING OF PROPOSED CONSENT DECREE

The United States hereby gives notice that it has this 6<u>th</u> day of <u>June</u> lodged with this Court a proposed consent decree executed by all parties or their counsel. This consent decree resolves the United States' claims against defendants Paul J. Mraz and Michael S. Mraz, Nancy M. Mraz, Christopher K. Mraz and John Richard Mraz, as Trustees of the Paul J. Mraz Irrevocable Retirement Trust under the fraudulent transfer provisions of the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3301-3308 and also resolves a judgment obtained against Paul J. Mraz under section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), for the Maryland Sand and Gravel Superfund Site in Cecil County, Maryland as set forth in the terms of the consent decree.

This consent decree is subject to a thirty day notice and comment period to be announced in the Federal Register pursuant to 28 C.F.R. § 50.7. The United States requests that the Court take no action on this decree until the expiration of this notice and comment period. After the close of the comment period, the United States will evaluate any comments received and will request the Court to take appropriate action regarding the consent decree.

Respectfully submitted,

ALLEN F. LOUCKS
United States Attorney

BY: _____

THOMAS F. CORCORAN
Assistant United States Attorney
District of Maryland
36 S. Charles Street
Baltimore, Maryland 21201
(410) 209-4834
(410) 962-9947 (fax)

OF COUNSEL:

DANIEL BOEHMCKE
Assistant Regional Counsel
U.S. EPA Region III

WILLIAM HUTCHINS
Senior Attorney
Environmental Enforcement Division
Environment and Natural Resources Division
United States Department of Justice

IN THE UNITED STATES DISTRICT COURT
<u>FOR THE DISTRICT OF MARYLAND</u>

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. CCB 03-332 |
| | ) | |
| **PAUL J. MRAZ, SR.** and | ) | |
| **MICHAEL S. MRAZ, NANCY M.** | ) | |
| **MRAZ, CHRISTOPHER** | ) | |
| **K. MRAZ, JOHN RICHARD MRAZ** | ) | |
| AS TRUSTEES OF THE PAUL J. MRAZ | ) | |
| IRREVOCABLE | ) | |
| RETIREMENT TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

<u>CONSENT DECREE</u>

# TABLE OF CONTENTS

I.        BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

II.       JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.      PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.       STATEMENT OF PURPOSE . . . . . . . . . . . . . . . . . . . . . . . . . .5

V.        DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

VI.       PAYMENT OF RESPONSE COSTS . . . . . . . . . . . . . . . . . . . 7

VII.      FAILURE TO COMPLY WITH CONSENT DECREE. . . . . . . . . . .8

VIII.     COVENANT NOT TO SUE BY UNITED STATES . . . . . . . . . .. .10

IX.       RESERVATION OF RIGHTS BY UNITED STATES . . . . . . . . . . .11

X.        COVENANT NOT TO SUE BY THE SETTLING DEFENDANTS .13

XI.       EFFECT OF SETTLEMENT . . . . . . . . . . . . . . . . . . . . . . . . .14

XII.      SITE ACCESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

XIII.     ACCESS TO INFORMATION . . .... . . . . . . . . . . . . . . . . . . . 15

XIV.      RETENTION OF RECORDS . . . . . . . . . . . . . . . . . . . . . . . .16

XV.       CERTIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

XVI.      NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . 18

XVII.     INTEGRATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

XVIII.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . .19

XIX.      SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . .20

XX.       FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

2

# I. <u>BACKGROUND</u>

A. The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter against Paul Mraz, Sr., and Nancy M. Mraz, Michael S. Mraz, Christopher K. Mraz and John Richard Mraz as Trustees of the Paul J. Mraz, Sr. Irrevocable Retirement Trust, pursuant to the fraudulent transfer provisions of the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. §§ 3301-3308, which sets forth the procedures for the United States to seek relief for fraudulent transfers as to a debt owed to the United States.

B. The debt owed to the United States which formed the basis for this action was incurred by Defendant Paul J. Mraz, Sr. pursuant to the judgment entered in *United States v. Maryland Sand, Gravel & Stone, et al.*, District of Maryland Civil Action No. HAR 89-2869, against, "Paul J. Mraz for his share of the costs in the amount of $ 2,346,837.74 and an additional $ 174,033.61, plus any additional amounts not inconsistent with the NCP [National Contingency Plan] as demonstrated by the United States within its final accounting at the time of judgment." *See* Order dated January 29, 1997 in Civil Action No. HAR 89-2869.

C. The United States, on behalf of EPA, filed a complaint in Civil Action No. HAR 89-2869 pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9606 and 9607, as amended ("CERCLA"), against Defendant Paul J. Mraz and others, seeking injunctive relief and reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at the Maryland Sand, Gravel & Stone site in Elkton, Cecil County, Maryland ("the Site").

3

D.  The Settling Defendants, in entering into this Consent Decree, do not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint in this matter.

E.  The United States and the Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. **JURISDICTION**

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 28 U.S.C. §§ 3301-3308, and also has personal jurisdiction over the Settling Defendants.  The Settling Defendants consent to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. **PARTIES BOUND**

2.  This Agreement shall be binding upon the United States, including any successor agencies, departments, instrumentalities or assigns of EPA and the United States, and upon the Settling Defendants and their heirs, successors and assigns.  Any change in ownership or corporate or other legal status of the Settling Defendants, including but not limited to any transfer of assets or real or personal property, shall in no way alter the Settling Defendants' responsibilities under this Agreement.  Each signatory to this Agreement certifies that he or she is

4

authorized to enter into the terms and conditions of this Agreement and to bind legally the party represented by him or her.

## IV. STATEMENT OF PURPOSE

3. By entering into this Agreement, the mutual objective of the Parties is to avoid difficult and prolonged litigation by allowing the Settling Defendants to make a cash payment to resolve their alleged civil liability under 28 U.S.C. §§ 3301-3308, and under Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607, with regard to the Site as provided in the Covenant Not to Sue by the United States in Section VIII, subject to the Reservations of Rights by the United States in Section IX.

## V. DEFINITIONS

4. Unless otherwise expressly provided herein, terms used in this Agreement that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Agreement or in any appendix attached hereto, the following definitions shall apply:

a. "Agreement" shall mean this Agreement and any attached appendices. In the event of conflict between this Agreement and any appendix, the Agreement shall control.

b. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq*.

c. "Day" shall mean a calendar day. In computing any period of time under this Agreement, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

5

d. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

e. "USAO" shall mean the United States Attorney's Office for the District of Maryland and any successor departments, agencies or instrumentalities of the United States.

f. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies, or instrumentalities of the United States.

g. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

h. "Interest" shall mean interest at the rate specified for interest on investments of the Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

i. "Paragraph" shall mean a portion of this Agreement identified by an Arabic numeral or a lower case letter.

j. "Parties" shall mean the United States and the Settling Defendants.

k. "Plaintiff" shall mean the United States.

l. "RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. § 6901, *et seq.* (also known as the Resource Conservation and Recovery Act).

m. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

n. "Settling Defendants" shall mean: Paul J. Mraz, Sr. in his individual capacity; and Nancy M. Mraz, Michael S. Mraz, Christopher K. Mraz and John Richard Mraz as trustees of the Paul J. Mraz Irrevocable Retirement Trust, not in their individual capacity.

o. "Site" shall mean the Maryland, Sand, Gravel & Stone Superfund Site, encompassing approximately 200 acres, located on the north side of Route 40 in Elkton, Cecil County, Maryland.

p. "United States" shall mean the United States of America, including its departments, agencies, and instrumentalities.

q. "Maryland Sand, Gravel & Stone Special Account" shall mean that account maintained by EPA for special use in conducting or financing response actions at or in connection with the Site.

## VI. PAYMENT OF RESPONSE COSTS

5. Within 30 days after the approval and entry of this Consent Decree by the Court pursuant to Paragraph 36, the Settling Defendants shall pay $ 110,000 to the United States. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing the Site name, the USAO file numbers: TALON # 2000Z00181 and LION #s 2003V00380 and 2000V00231, the DOJ Case Number 90-11-2-225(A), the EPA Region and Site ID # 0342, and the docket number for this action. Payment shall be made in accordance with instructions provided to the Settling Defendants by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Maryland following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day.

7

6. At the time of payment, the Settling Defendants shall send notice that payment has been made in accordance with Section XVI (Notices and Submissions). In addition, written notice that payment has been made shall be sent to:

Barbara Borden (3PM30)
U.S. EPA Region III
1650 Arch Street
Philadelphia, PA 19103-2029

Joan Dent (3RC00)
U.S. EPA Region III
1650 Arch Street
Philadelphia, PA 19103-2029.

7. The total amount to be paid pursuant to Paragraph 5 shall be deposited in the Maryland Sand, Gravel & Stone Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the Site.

## VII. <u>FAILURE TO COMPLY WITH CONSENT DECREE</u>

8. <u>Interest on Late Payments</u>. If the Settling Defendants fail to make any payment required by Paragraph 5 by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

9. <u>Stipulated Penalty</u>.

a. If any amounts due to EPA under Paragraph 5 are not paid by the required date, the Settling Defendants shall be in violation of this Agreement and shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 8, $500 per violation per day that such payment is late.

8

b. If the Settling Defendants do not comply with any provision of Sections XII, XIII, or XIV of this Consent Decree, the Settling Defendants shall be in violation of this Agreement and shall pay to EPA, as a stipulated penalty $750 per violation per day that such violation continues.

c. Stipulated penalties are due and payable within 30 days of the date of demand for payment of the penalties by the United States. All payments to the United States under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund." The check, or a letter accompanying the check, shall identify the name and address of the party making payment, the Site name, the USAO file numbers: TALON # 2000Z00181 and LION #s 2003V00380 and 2000V00231, the DOJ Case Number 90-11-2-225(A), the EPA Region and Site ID # 0342, and the docket number for this action, and shall be sent to:

> EPA Region III
> Attn: Superfund Accounting
> P.O. Box 360515
> Pittsburgh, PA 15251-6515

d. At the time of each payment, the Settling Defendants shall also send notice that payment has been made accordance with Section XVI (Notices and Submissions). In addition, written notice that payment has been made shall be sent to:

> Barbara Borden (3PM30)
> U.S. EPA Region III
> 1650 Arch Street
> Philadelphia, PA 19103-2029

9

Joan Dent (3RC00)
U.S. EPA Region III
1650 Arch Street
Philadelphia, PA 19103-2029.

Such notice shall identify the Site name, the USAO file numbers: TALON # 2000Z00181 and

LION #s 2003V00380 and 2000V00231, the DOJ Case Number 90-11-2-225(A), the EPA

Region and Site ID # 0342, and the docket number for this action.

      e. Penalties shall accrue as provided above regardless of whether the United

States has notified Settling Defendants of the violation or made a demand for payment, but need

only be paid upon demand.  All penalties shall begin to accrue on the day after payment is due

and shall continue to accrue through the date of payment.  Nothing herein shall prevent the

simultaneous accrual of separate penalties for separate violations of this Agreement.

      10. Notwithstanding any other provision of this Section, the United States may, in its

unreviewable discretion, waive payment of any portion of the stipulated penalties that have

accrued pursuant to this Agreement.  The Settling Defendants' payment of stipulated penalties

shall not excuse the Settling Defendants from payment as required by Section VI or from

performance of any other requirements of this Agreement.

## VIII.  COVENANT NOT TO SUE BY THE UNITED STATES

      11. Covenant Not to Sue by the United States.  Except as specifically provided in Section

IX (Reservations of Rights by the United States), the United States covenants not to sue or to

take administrative action against the Settling Defendants pursuant to Sections 106 and 107(a) of

CERCLA, 42 U.S.C. §§ 9606 and 9607(a), and Section 7003 of RCRA, 42 U.S.C. § 6973, with

regard to the Site. With respect to present and future liability, this covenant shall take effect upon receipt by the United States of all amounts required by Section VI (Payment of Response Costs) and any amount due under Section VII (Failure to Comply with Consent Decree). This covenant not to sue is conditioned upon the satisfactory performance by the Settling Defendants of their obligations under this Agreement. This covenant not to sue is also conditioned upon the veracity and completeness of any financial information provided to the United States by the Settling Defendants. If such financial information is subsequently determined to be false or, in any material respect, inaccurate, the Settling Defendants shall forfeit all payments made pursuant to this Agreement and the covenant not to sue shall be null and void. The determination that any such financial information is false or, in any material respect, inaccurate shall be made by the Court upon written petition by the United States for such determination. Such forfeiture shall not constitute liquidated damages and shall not in any way foreclose the United States' right to pursue any other causes of action arising from the Settling Defendants' false or materially inaccurate information. This covenant not to sue extends only to the Settling Defendants and does not extend to any other person.

12. The Parties agree, and by entering this Consent Decree this Court finds, that the Settling Defendants are not entitled to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for matters addressed in this Consent Decree, including recovery of response costs.

## IX. RESERVATIONS OF RIGHTS BY THE UNITED STATES

13. The United States reserves, and this Agreement is without prejudice to, all rights against the Settling Defendants with respect to all matters not expressly included within the

11

Covenant Not to Sue by the United States in Paragraph 11. Notwithstanding any other provision of this Agreement, the United States reserves all rights against the Settling Defendants with respect to:

a. liability for failure of the Settling Defendants to meet a requirement of this Agreement;

b. criminal liability;

c. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

d. liability, based upon the Settling Defendants' ownership or operation of the Site, or upon the Settling Defendants' transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal, of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Agreement by the Settling Defendants; and

e. liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

14. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, if any financial information provided to the United States by the Settling Defendants is false, or, in any material respect, inaccurate.

15. Nothing in this Consent Decree is intended to be, nor shall it be construed as, a release, covenant not to sue, or compromise of any claim or cause of action, administrative or

12

judicial, civil or criminal, past or future, in law or in equity, which the United States may have

against any person, firm, corporation or other entity not a signatory to this Consent Decree.

## X. COVENANT NOT TO SUE BY THE SETTLING DEFENDANTS

16. The Settling Defendants covenant not to sue and agree not to assert any claims or

causes of action against the United States, or its contractors or employees, with respect to the Site

or this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the EPA Hazardous

Substance Superfund established by 26 U.S.C. § 9507, based on Sections 106(b)(2), 107,

111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or

any other provision of law;

b. any claims arising out of response actions at or in connection with the Site,

including any claim under the United States Constitution, the Maryland Constitution, the

Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as

amended, or at common law; and

c. any claim against the United States pursuant to Sections 107 and 113 of

CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

Except as provided in Paragraph 18 (Waiver of Claims) and Paragraph 20 (Waiver of Claim-

Splitting Defenses), these covenants not to sue shall not apply in the event the United States

brings a cause of action or issues an order pursuant to the reservations set forth in Paragraph

13(c) - (e), but only to the extent that the Settling Defendants' claims arise from the same

response action or response costs that the United States is seeking pursuant to the applicable

reservation.

13

17. Nothing in this Agreement shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

18. The Settling Defendants agree not to assert any claims or causes of action that they may have for all matters relating to the Site, including for contribution, against any other person. This waiver shall not apply with respect to any defense, claim, or cause of action that the Settling Defendants may have against any person if such person asserts a claim or cause of action relating to the Site against the Settling Defendants.

## XI. <u>EFFECT OF SETTLEMENT</u>

19. Except as provided in Paragraph 18, nothing in this Agreement shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Agreement. The United States reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that it may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

20. In any subsequent administrative or judicial proceeding initiated by EPA, or the United States on behalf of EPA, for injunctive relief, recovery of response costs, or other relief relating to the Site, the Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by EPA, or the United States on behalf of EPA, in the subsequent proceeding were or should have been brought

14

in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by The United States set forth in Section VIII.

## XII. SITE ACCESS

21. Commencing upon the date of approval and entry of this Consent Decree by the Court, the Settling Defendants agree not to interfere with any attempt by EPA and its representatives and contractors to gain access at any and all reasonable times to the Site or for the purpose of conducting any response activity related to the Site.

22. Notwithstanding any provision of this Agreement, the United States retains all of its access authorities and rights, including enforcement authorities related thereto, under CERCLA, RCRA, and any other applicable statutes or regulations.

## XIII. ACCESS TO INFORMATION

23. The Settling Defendants shall provide to EPA, upon request, copies of all records, reports, or information (hereinafter referred to as "records") within their possession or control or that of their contractors or agents relating to activities at the Site, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Site.

24. Confidential Business Information and Privileged Documents.

a. The Settling Defendants may assert business confidentiality claims covering part or all of the records submitted to the United States under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b). Records determined to be confidential by the United States will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality

15

accompanies records when they are submitted to the United States, or if the United States has notified the Settling Defendants that the records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given access to such documents or information without further notice to the Settling Defendants.

b. The Settling Defendants may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Settling Defendants assert such a privilege in lieu of providing records, they shall provide the United States with the following: 1) the title of the record; 2) the date of the record; 3) the name, title, affiliation (*e.g.*, company or firm), and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. If a claim of privilege applies only to a portion of a record, the record shall be provided to the United States in redacted form to mask the privileged portion only. The Settling Defendants shall retain all records that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendants' favor. However, no records created or generated pursuant to the requirements of this or any other settlement with the United States pertaining to the Site shall be withheld on the grounds that they are privileged.

25. No claim of confidentiality shall be made with respect to any data, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information evidencing conditions at or around the Site.

## XIV. **RETENTION OF RECORDS**

26.  Until seven (7) years after the date of approval and entry of this Consent Decree by the Court, each Settling Defendant shall preserve and retain all records now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or to the liability of any person for response actions or response costs at or in connection with the Site, regardless of any corporate retention policy to the contrary.

27.  After the conclusion of the document retention period in the preceding paragraph, the Settling Defendants shall notify the United States at least 90 days prior to the destruction of any such record, and, upon request by the United States, the Settling Defendants shall deliver such records to the United States.  The Settling Defendants may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If the Settling Defendants assert such a privilege, they shall provide the United States with the following:  1) the title of the record; 2) the date of the record; 3) the name, title, affiliation (*e.g.*, company or firm), and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted.  If a claim of privilege applies only to a portion of a record, the record shall be provided to the United States in redacted form to mask the privileged portion only.  The Settling Defendants shall retain all records that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendants' favor.  However, no records created or generated pursuant to the requirements of this or any other settlement with the United States pertaining to the Site shall be withheld on the grounds that they are privileged.

17

## XV. <u>CERTIFICATION</u>

28. Each Settling Defendant hereby certifies individually that, to the best of its

knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed

or otherwise disposed of any records, reports, or information relating to its potential liability

regarding the Site, since notification of potential liability by the United States or the State or the

filing of a suit against it regarding the Site and that it has fully complied with any and all United

States requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of

CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

## XVI. <u>NOTICES AND SUBMISSIONS</u>

29. Whenever, under the terms of this Agreement, notice is required to be given or a

document is required to be sent by one Party to another, it shall be directed to the individuals at

the addresses specified below, unless those individuals or their successors give notice of a change

to the other Parties in writing. Written notice as specified herein shall constitute complete

satisfaction of any written notice requirement of this Agreement with respect to the United States

and the Settling Defendants.

As to the United States, notice is to be given to each of the following representatives:

**For the USAO:**

Thomas F. Corcoran, Esquire
Assistant United States Attorney
United States Attorney's Office
    for the District of Maryland
6625 United States Court House
101 Lombard Street
Baltimore, MD 21201-2629

18

**For DOJ**:

William A. Hutchins, Esquire
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

**For EPA**:

Daniel E. Boehmcke,
Assistant Regional Counsel (3RC00)
U.S.EPA Region III
1650 Arch Street
Philadelphia, PA 19103-2029

As to the Settling Defendants, notice is to be given as follows:

Paul J. Mraz, Sr.
Paul J. Mraz Irrevocable Retirement Trust
1606 Woodlawn Avenue
Wilmington, DE 19806

## XVII. **INTEGRATION**

30. This Agreement constitutes the final, complete and exclusive Agreement and understanding among the Parties with respect to the settlement embodied in this Agreement. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Agreement.

## XVIII. **LODGING AND OPPORTUNITY FOR PUBLIC COMMENT**

31. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. Pursuant to Section 7003(d) of RCRA, 42 U.S.C.

19

§ 6973(d), commenters may request an opportunity for a public meeting in the affected area. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

32. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XIX. SIGNATORIES/SERVICE

33. Each undersigned Party to this Consent Decree certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

34. Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

35. Each Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

20

## XX. FINAL JUDGMENT

36. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendants. Upon satisfaction of all of the terms of this Consent Decree by the Settling Defendants, the United States agrees to (1) mark the judgment entered against Paul J. Mraz in *United States v. Maryland Sand, Gravel & Stone, et al.*, District of Maryland Civil Action No. HAR 89-2869 as satisfied; (2) dismiss the case of *United States v. Paul J. Mraz and Christopher K. Mraz and John Richard Mraz, as Trustees for the Paul J. Mraz Irrevocable Retirement Trust, et al.*, District of Maryland Civil Action No. CCB-03-332 with prejudice; (3) remove all Notices of Lis Pendens filed in connection with the case of *United States v. Paul J. Mraz and Christopher K. Mraz and John Richard Mraz, as Trustees for the Paul J. Mraz Irrevocable Retirement Trust, et al.;* (4) remove any and all garnishments filed against the Settling Defendants in the case of *United States v. Maryland Sand, Gravel & Stone, et al.*, District of Maryland Civil Action No. HAR 89-2869; and (5) dismiss with prejudice the counterclaim filed by Paul J. Mraz against the United States in the action of *United States v. Paul J. Mraz and Christopher K. Mraz and John Richard Mraz, as Trustees for the Paul J. Mraz Irrevocable Retirement Trust, et al.*, District of Maryland Civil Action No. CCB-03-332. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS _30_ DAY OF _Aug_, 2005

United States District Judge

IT IS SO AGREED:

For the United States of America

ALLEN F. LOUCKS
United States Attorney
District of Maryland

By: _____        Dated: _4/14/05___

THOMAS F. CORCORAN (24894)
Assistant United States Attorney
6625 United States Courthouse
101 W. Lombard Street
Baltimore, Maryland, 21201-2692
(410) 209-4800


United States Department of Justice

By: _____        Dated: __5/31/05___

W. BENJAMIN FISHEROW
Deputy Chief
Environment and Natural Resources Division
U.S. Department of Justice
Washington, DC


By: _____        Dated: __5/31/05___

WILLIAM A. HUTCHINS
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

23

United States Environmental Protection Agency

By: _____          Dated: _5/13/05_____
    DONALD S. WELSH
    Regional Administrator
    U.S. Environmental Protection Agency
    Region III
    1650 Arch Street
    Philadelphia, PA 19103-2029

By: _____          Dated: __5/13/05_____
    WILLIAM C. EARLY
    Regional Counsel
    U.S. Environmental Protection Agency
    Region III
    1650 Arch Street
    Philadelphia, PA 19103-2029

By: _____          Dated: __4/14/05_____
    DANIEL E. BOEHMCKE
    Assistant Regional Counsel
    U.S. Environmental Protection Agency
    Region III
    1650 Arch Street
    Philadelphia, PA 19103-2029

For the Settling Defendants

By: _____          Dated: 04/14/05
    PAUL J. MRAZ, SR.

By: _____          Dated: 4/14/05
    CHRISTOPHER K. MRAZ,
    In his capacity as Trustee of
    The Paul J. Mraz, Sr. Irrevocable
    Retirement Trust

By: _____          Dated: 4-14-05
    JOHN RICHARD MRAZ,
    In his capacity as Trustee of
    The Paul J. Mraz, Sr. Irrevocable
    Retirement Trust

By: _____          Dated: _____
    NANCY M. MRAZ,
    In her capacity as Trustee of
    The Paul J. Mraz, Sr. Irrevocable
    Retirement Trust

By: _____          Dated: _____
    MICHAEL S. MRAZ,
    In his capacity as Trustee of
    The Paul J. Mraz, Sr. Irrevocable
    Retirement Trust

For the Settling Defendants

By: _Paul J Mraz Sr_                    Dated: 04/14/05
    PAUL J. MRAZ, SR.

By: _Christopher K B_                   Dated: 4/14/05
    CHRISTOPHER K. MRAZ,
    In his capacity as Trustee of
    The Paul J. Mraz, Sr. Irrevocable
    Retirement Trust

By: _John R Mraz_                       Dated: 4-14-05
    JOHN RICHARD MRAZ,
    In his capacity as Trustee of
    The Paul J. Mraz, Sr. Irrevocable
    Retirement Trust

By: _Nancy M. Mraz_                     Dated: 4-14-05
    NANCY M. MRAZ,
    In her capacity as Trustee of
    The Paul J. Mraz, Sr. Irrevocable
    Retirement Trust

By: _____               Dated: _____
    MICHAEL S. MRAZ,
    In his capacity as Trustee of
    The Paul J. Mraz, Sr. Irrevocable
    Retirement Trust

For the Settling Defendants

By: _~~signature~~_        Dated: _04/14/05_
    PAUL J. MRAZ, SR.

By: _~~signature~~_        Dated: _4/14/05_
    CHRISTOPHER K. MRAZ,
    In his capacity as Trustee of
    The Paul J. Mraz, Sr. Irrevocable
    Retirement Trust

By: _~~signature~~_        Dated: _4-14-05_
    JOHN RICHARD MRAZ,
    In his capacity as Trustee of
    The Paul J. Mraz, Sr. Irrevocable
    Retirement Trust

By: _____        Dated: _____
    NANCY M. MRAZ,
    In her capacity as Trustee of
    The Paul J. Mraz, Sr. Irrevocable
    Retirement Trust

By: _~~signature~~_        Dated: _4-14-05_
    MICHAEL S. MRAZ,
    In his capacity as Trustee of
    The Paul J. Mraz, Sr. Irrevocable
    Retirement Trust